IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 18 CR 734 |
| | ) | |
| TERRY FERGUSON | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Terry Ferguson, who pled guilty to firearms and narcotics offenses and has been sentenced to a seven-year prison term, has moved for reconsideration of the Court's denial of his eve-of-sentencing motion to dismiss the charges against him. He has also moved for release from custody pending appeal. The Court addresses both motions in this Memorandum Opinion.

Ferguson was charged by complaint in October 2018 and indicted in February 2019. In January 2021, after considering a motion to suppress evidence filed by Ferguson, the Court found that law enforcement agents had exceeded Fourth Amendment limitations in searching Ferguson's home and garage; may well have conducted an unconsented search of a vehicle parked in his driveway; and had submitted reports regarding these events that did not square with contemporaneous video recordings made by security cameras at the home. The Court denied Ferguson's motion to suppress, however, because: (1) any illegality related to the search of the home and garage was attenuated by the issuance, later the same day, of a search warrant that was already in progress at the time of the search and that was not based

on anything gained from the search; and (2) the government disavowed the use of anything obtained from the search of the vehicle in the driveway. On the inevitable discovery issue (point (1)), the Court overruled Ferguson's contention that the flagrancy of the agents' misconduct precluded application of the inevitable discovery doctrine. *See* Mem. Op. and Order, dkt. no. 244 (Jan. 19, 2021).

Ferguson later pled guilty but then was given leave to withdraw his guilty plea because he had been misinformed by his counsel about the potential for other charges in other jurisdictions arising from his conduct and material obtained from the search. The Court then set the case for trial.

On September 16, 2022, just two business days before the trial date, Ferguson filed a motion to dismiss the charges against him based on claimed selective and vindictive prosecution. *See* dkt. no. 391. The motion was based almost entirely on matters that had been known to Ferguson and his counsel *years* earlier. The Court denied the motion without prejudice, stating on the record during the September 19, 2022 final pretrial conference that it found the motion untimely and explaining this in detail. The Court went on to state that the motion did not state a legally viable basis for either selective prosecution or vindictive prosecution that would authorize or warrant dismissal of the charges. The Court stated, however, that the denial of the motion was "without prejudice to filing a post-trial motion." *See* dkt. no. 392.

The case did not go to trial at that point, however, due to continuances based on the health of defense counsel and, later, the health of Ferguson. The Court ultimately reset the trial to a date in early January 2023.

On January 3, 2023, the morning the trial was set to begin, Ferguson entered a

guilty plea to two of the charges against him. Based on the government's representation that the remaining charges would be dismissed after sentencing, the Court vacated the trial date. Thus there never ended up being any sort of trial that would have given rise to a basis to "fil[e] a post-trial motion."

On October 18, 2023, the day before the sentencing hearing, Ferguson filed another motion to dismiss. The motion included the grounds for the previously denied motion to dismiss, as well as other matters that predated not just Ferguson's guilty plea, but the previously imposed deadlines for pretrial motions, which had passed years earlier. The grounds cited by Ferguson also included, however, alleged misconduct by law enforcement agents in advance of the sentencing hearing that he contended was aimed at scaring witnesses from testifying at the sentencing and furthered, he claimed, the agents' previously alleged vindictive and selective motives for prosecuting him.

The government responded to the motion and included with its response audio recordings that the agents had made of their encounters with the aforementioned witnesses. These recordings contradicted the witnesses' claims of threats and other misconduct. The Court found (and had, actually stated weeks earlier) that the government's use for this purpose of agents whose misconduct had been cited as the basis for earlier motions—principally, ATF special agent Christopher Labno—represented extraordinarily poor judgment on the prosecutor's part. The Court did not, however, find any misconduct on the part of the agents in connection with the interviews. In addition, the Court took into account the written statements of the witnesses (which were submitted by the defense) in imposing sentence. Thus there was effectively no prejudice to Ferguson as a result of the pre-sentencing episode.

3

At the sentencing hearing, the Court denied Ferguson's motion to dismiss. The Court noted that the motion cited no viable legal basis to dismiss the indictment on the claimed grounds at the stage in question (after a wholly voluntarily guilty plea and just before sentencing); Ferguson had given up dismissal on this (or any other) basis by pleading guilty; and any conduct that had occurred post-guilty plea could not possibly affect the viability of the filing of charges in the first instance.

A two-day sentencing hearing followed. Ferguson's counsel argued, and the Court took into account, the actions of the investigating agents as a factor in imposing sentence. The Court sentenced Ferguson to a seven-year prison term, followed by a four-year term of supervised release.

Following the imposition of sentence on Friday afternoon, October 20, 2023, the Court revoked Ferguson's release and ordered him to be taken into custody. The next business day, October 23, Ferguson filed a motion to reconsider the denial of his motion to dismiss, as well as a motion for release pending appeal. This order addresses both motions.

**1.     Motion to reconsider denial of motion to dismiss**

The motion to dismiss lacks merit. First of all, by pleading guilty, Ferguson waived any defense to the charges against him, including the claimed defenses of selective or vindictive prosecution. *See, e.g., United States v. Broce*, 488 U.S. 563, 571 (1989); *United States v. Holman*, 72 F. App'x 469, 470 (7th Cir. 2003); *United States v. Cutchins*, 63 F. App'x 244, 246 (7th Cir. 2003). Second, even if this were not the case, Ferguson's motion to dismiss, like the one the Court denied before he pled guilty, has no viable legal basis. A claim of selective prosecution requires a showing that the filing

of charges against him violated the Constitution's Equal Protection Clause, i.e., that the filing of charges was "based on an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Nothing approaching that is even alleged here, let alone supported. There's an allusion to arbitrariness, but there's no support for the proposition that there was anything arbitrary about the decision to prosecute Ferguson. He sold a cache of stolen firearms to undercover agents, and he engaged in over a dozen sales of illegal narcotics. The government may have been the first to suggest the acquisition of narcotics, but that has no bearing on a claim of selective prosecution—and because Ferguson offers no authority saying otherwise, he has forfeited the point. In addition, the evidence in this case fell *far* short of a viable defense of entrapment, as the Court explained at the sentencing hearing. And in any event, Ferguson waived that potential defense when he pled guilty. It's true, as the Court said at the sentencing hearing, that the investigating agents exceeded the bounds established by the Fourth Amendment—"corners were cut" in the investigation of Ferguson. But that does not entitle Ferguson to a post-guilty-plea (or even a pre-guilty-plea) dismissal: the Court does not possess "a 'chancellor's foot' veto over law enforcement practices of which it [does] not approve." *United States v. Russell,* 411 U.S. 423, 435 (1974).

Ferguson's claim of "vindictive" prosecution would far no better even if were properly before the Court at this point. Whatever the common meaning of the term "vindictive" might be, a defendant is not entitled to dismissal of charges because law enforcement agents dislike him or even because they have targeted him for investigation. Rather, the doctrine of vindictive prosecution is limited to situations in

5

which the government has asserted charges against a defendant to penalize him for exercising his legal rights. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *United States v. Jarrett*, 447 F.3d 520, 524-25 (7th Cir. 2006). Nothing even close to that ballpark is cited (let alone supported) here.

For these reasons, the Court denies Ferguson's motion to reconsider the denial of his motion to dismiss.

**2. Motion for release pending appeal**

The Court also overrules Ferguson's motion for release pending appeal. In revoking Ferguson's release after sentencing, the Court made a straightforward application of 18 U.S.C. § 3143(b). That statute provides that except in circumstances not applicable here, a court "shall order" detention of a person found guilty of an offense and sentenced to a prison term, unless the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger, *and* that the appeal "raises a substantial question of law or fact likely to result in" reversal of the conviction, an order for a new trial, a non-imprisonment sentence, or a reduced sentence less than the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1). Ferguson cannot meet those conditions here. His only potential basis for reversal is the motion to dismiss that he waived by pleading guilty and that is without merit in any event; no reasonable jurist would disagree. Nor can one imagine any reasonable likelihood of a remand for a non-imprisonment sentence or one involving only minimal imprisonment (Ferguson's advisory Sentencing Guidelines range significantly exceeded the seven-year prison term the Court imposed).

For these reasons, the Court denies Ferguson's motion for release pending

appeal.

## Conclusion

The Court denies Ferguson's motion to reconsider [470] and his motion for release pending appeal [471] for the reasons stated in this Memorandum Opinion and Order.

Date: October 30, 2023

_____
MATTHEW F. KENNELLY
United States District Judge