IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 18 CR 734 |
| | ) | |
| TERRY FERGUSON | ) | |

## MEMORANDUM OPINION AND ORDER

Terry Ferguson pled guilty to narcotics and firearms offenses, and on October 20, 2023, the Court sentenced him to a seven-year prison term. The Court ordered Mr. Ferguson into custody that day under 18 U.S.C. § 3143(b). Mr. Ferguson filed a notice of appeal on November 6, 2023.

A little over two months later, on January 17, 2024, Mr. Ferguson filed a motion to vacate the judgment, claiming that the Court failed to properly advise him at the time of sentencing of a potential conflict of interest on the part of his attorney Beau Brindley that, he says, became apparent during the sentencing hearing. Mr. Ferguson asks to be "restore[d] . . to the circumstances he was in at the time" the claimed potential conflict became apparent. Mot. to Vacate at 8. In other words, he asks the Court to vacate the sentence it imposed. Mr. Ferguson has also filed a motion for release from custody.

The Court lacks authority to grant Mr. Ferguson's motion to vacate, given the pendency of his appeal. The filing of a notice of appeal divests the district court over those aspects of the case involved in the appeal, *see, e.g., United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2013), unless the matter before the district court is "a discrete

matter ancillary to the issues under consideration in the [appellate] court." *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). Mr. Ferguson's motion asks the Court to vacate his sentence, which is directly involved in the appeal. And there's nothing "ancillary" about the issue he raises before this Court given the relief he seeks, and because the issue he presents involves the propriety of imposition of the sentence—which, again, is part of his appeal.

Under Federal Rule of Criminal Procedure 37, there is a limited avenue for a district court to address "a timely motion . . . that the court lacks authority to grant because of an appeal that has been docketed and is pending . . . ." Fed. R. Crim. P. 37(a). If such a motion is filed, a court may defer considering the motion; deny it; or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* 37(a)(1)-(3); *see United States v. Caguana*, 884 F.3d 681, 683 n.1 (7th Cir. 2018).

The problem is that Mr. Ferguson's motion to vacate is not "timely," as required by Rule 37(a). Assuming the motion qualified as a motion to correct the sentence for "clear error" under Federal Rule of Criminal Procedure 35(a)—the only provision in the Rules that comes close to covering what is at issue here—that rule allows for only a fourteen-day period after the sentencing to file such a motion. Alternatively, a motion under section 28 U.S.C. § 2255 would be timely, but Mr. Ferguson did not file his motion under section 2255. *See* Mot. to Vacate at 1 n.1. Given the limitations on filing second or successive section 2255 motions, *see* 28 U.S.C. § 2255(h), it would be, at a minimum, imprudent for the Court to convert the current motion to a section 2255 motion without Mr. Ferguson's agreement. *Cf. Castro v. United States*, 540 U.S. 375

(2003) (court may not convert *pro se* motion to a section 2255 motion without first advising the *pro se* filer of the consequences of the recharacterization and giving him an opportunity to contest the recharacterization or withdraw or amend the motion).

Mr. Ferguson's motion does not cite any authority that permits its consideration. He cites Federal Rule of Appellate Procedure 12.1, but that's merely the appellate counterpart of Rule 37(a): it says that "[i]f a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending . . .," the court of appeals may remand the case. Fed. R. App. P. 12.1(a). (b). Rule 12.1 does not provide any independent basis for a post-judgment motion to vacate in a criminal case.

For these reasons, the appropriate course is to deny Mr. Ferguson's motion to vacate as untimely and for lack of jurisdiction. The Court will defer entry of such an order, however, to give Mr. Ferguson an opportunity to consider whether to allow the Court to treat it as a motion under 28 U.S.C. § 2255. Mr. Ferguson is hereby advised that if he does so, then under 28 U.S.C. 2255(h), any *second* motion under section 2255 would be barred unless authorized in advance by the court of appeals under 28 U.S.C. § 2244(b), upon a finding by that court that the claims made in the motion rely on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2255(h), 2244(b).

Because Mr. Ferguson has alleged that his current attorney has a potential conflict of interest—a contention on which the Court expresses no view—it may be prudent for him to consult with separate counsel regarding the issue of converting his motion to vacate to a motion under 28 U.S.C. § 2255. Mr. Ferguson may do that on his own, of course. Alternatively, if he qualifies for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and can demonstrate this by way of the requisite financial affidavit filed under oath, the Court will appoint counsel on his behalf. Attorney Brindley is directed to immediately communicate this to Mr. Ferguson (and is directed to confirm by a filing on the docket by February 13, 2024 that he has done so) and is directed to promptly facilitate submission of the requisite financial affidavit if Mr. Ferguson wishes to take that route.

Finally, the Court denies without prejudice Mr. Ferguson's motion for release. The motion is predicated upon the consideration and claimed merit of his motion to vacate. Because the Court lacks jurisdiction over the motion unless and until Mr. Ferguson consents to its conversion to a motion under 28 U.S.C. § 2255, the pendency of the motion to vacate does not provide a basis for release.

## Conclusion

For the reasons stated above, the Court denies Mr. Ferguson's motion for release [494] and gives Mr. Ferguson until February 23, 2024 to advise the Court in writing whether he wishes to convert his motion to vacate [492] to a motion under 28 U.S.C. § 2255. A telephonic hearing is set for February 26, 2024 at 8:45 a.m., using call-in number 888-684-8852, access code 746-1053. Mr. Brindley is directed to participate in that hearing, and the Court will make arrangements for Mr. Ferguson to

4

participate as well.

Date: February 12, 2024

                                                        MATTHEW F. KENNELLY
                                                        United States District Judge